In re the Petition for DISCIPLINARY ACTION AGAINST Scott R. PORTER, an Attorney at Law of the State of Minnesota.

No. C0–91–477.

Supreme Court of Minnesota.

April 10, 1991.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Scott R. Porter has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent was employed by a Minneapolis law firm both as a law clerk and as an associate from August 1986 until February 1988 when respondent moved to Florida; that in June of 1988, respondent was in Minneapolis to participate in a fee arbitration hearing involving the law firm; that, after the arbitration hearing, respondent went to a Minneapolis bar where some of the law firm staff members were socializing; that respondent told one of the law firm staff members that he had left something at the law firm offices and obtained a key to the law firm offices from her under the guise of needing to retrieve what he had left; that respondent went to the building where the law firm offices were, signed

in at the guard's desk using the name of one of the law firm's partners, and entered the offices using the staff member's key; that respondent then vandalized four of the law firm's computers by erasing some files and damaging other files; that respondent also took some of the law firm's software worth approximately $900, but returned the software the next day to the staff member from whom he had obtained the key; and that the law firm had to expend approximately 56 hours of staff time and had to hire an outside computer programmer at a cost of approximately $200 to repair the damage respondent had done to the law firm's files.

Along with the petition for discipline, the Director filed a stipulation for discipline between the Director and respondent. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and acknowledged that in doing so, the allegations of the petition will be deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility, for purposes of these proceedings. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Scott R. Porter, hereby is publicly reprimanded pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the respondent shall pay to the Director the sum of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.